*POSTED ON WEBSITE*
*NOT FOR PUBLICATION*

# UNITED STATES BANKRUPTCY COURT
# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 16-90984-E-7 |
| EDWARD C. LARSEN and | Docket Control No. MRG-1 |
| SUSAN C. LARSEN, | |
|             Debtors. | |

**This Memorandum Decision is not appropriate for publication.**
**It may be cited for persuasive value on the matters addressed.**

### MEMORANDUM OPINION AND DECISION
### Granting Motion for Abandonment of Real Property

Edward Larsen and Susan Larsen ("Debtors") filed the present Motion requesting the court to order the Trustee to abandon a time share in property commonly known as Fairmont Ghirardelli, 90 North Point Street, #632 MB37E, San Francisco, California ("Property").

After notice and a hearing, the court may order the Trustee to abandon property of the Estate that is burdensome to the Estate or is of inconsequential value and benefit to the Estate. 11 U.S.C. § 554(b). Property in which the Estate has no equity is of inconsequential value and benefit. *Cf. Vu v. Kendall (In re Vu)*, 245 B.R. 644 (B.A.P. 9th Cir. 2000).

This Motion was set for hearing on May 4, 2017, with fourteen days notice as provided pursuant to Local Bankruptcy Rule 9014-1(f)(2). The Proof of Service states that the Motion and supporting pleadings were served on the Chapter 7 Trustee, creditors, parties requesting special notice, and Office of the United States Trustee on April 19, 2017. Dckt. 35. By the court's calculation, 15 days' notice was provided. 14 days' notice is required.

Debtors, creditors, the Trustee, the U.S. Trustee, and any other parties in interest were not required to file a written response or opposition to the motion. No opposition was presented at the May 4, 2017 hearing. However, the court continued the hearing to allow Movant's counsel to file

a supplemental pleading to the Motion so that the Motion would comply with Federal Rule of Bankruptcy Procedure 9013.

**GROUNDS STATED IN MOTION AND SUPPLEMENT TO MOTION**

Debtors filed a Supplement to Motion on May 5, 2017. Dckt. 38. Debtors plead the following grounds:

A. The current fair market value of the Property is $202,500.00.

B. Independent Bank holds a first priority deed of trust against the Property in the amount of $168,990.69.

C. Past-due homeowner's association fees total $14,070.00.

D. $3,375.62 is owed to the City of San Francisco tax collector, secured by the Property.

E. There is a Fairmont Branding Fee of $3,919.00.

F. A sales commission would total $12,246.00.

G. Seller's half of estimated title and escrow charges totals $500.00 approximately.

H. Buyer's half of transfer taxes totals $1,050.00.

I. Total deductions equal $203,621.31, resulting in a net loss of ($1,121.31).

**DISCUSSION**

The court finds that the debt secured by the Property exceeds the value of the Property and that there are negative financial consequences to the Estate caused by retaining the Property. Additionally, the Trustee is not opposed to the Motion. The court determines that the Property is of inconsequential value and benefit to the Estate and orders the Trustee to abandon the property. The abandonment shall be effective upon the issuance of the order by the court, no further act of the Trustee required.

The Motion is granted and the court shall issue a separate order providing for such relief.

**Dated:** May 16, 2017

**By the Court**

*Ronald H. Sargis, Judge*
United States Bankruptcy Court

2

# Instructions to Clerk of Court
**Service List - Not Part of Order/Judgment**

**The Clerk of Court is instructed to** send the Order/Judgment or other court generated document transmitted herewith *to the parties below*. The Clerk of Court will send the document via the BNC or, if checked ____, via the U.S. mail.

| **Debtor**(s) | **Attorney for the Debtor**(s) (if any) |
|---|---|
| **Bankruptcy Trustee** (if appointed in the case) | Office of the U.S. Trustee<br>Robert T. Matsui United States Courthouse<br>501 I Street, Room 7-500<br>Sacramento, CA 95814 |